UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA STONEBRAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04438-JPH-MJD |
| ) | |
| HOME DEPOT U.S.A., INC. ) | |
| d/b/a THE HOME DEPOT, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON JOINT MOTION TO REMAND**

The parties have filed a joint motion to remand. For the reasons set forth below, that motion is **GRANTED**. Dkt. [34].

## I.
## Facts and Background

Brenda Stonebraker filed this action in Montgomery County Circuit Court alleging that Home Depot was negligent in failing to remove a post bracket in its parking lot. Dkt. 1-2. Ms. Stonebraker alleged that she fell on the post bracket, causing her injuries, medical expenses, lost wages and pain and suffering. *Id.* Consistent with the Indiana Rules of Trial Procedure, Ms. Stonebraker's complaint did not demand a specific sum of money. Dkt. 1-2.

Home Depot filed a notice of removal alleging diversity jurisdiction under 28 U.S.C. § 1332, stating that Ms. Stonebraker is a citizen of Indiana, and Home Depot is Delaware corporation with its principal place of business in Georgia. Dkt. 1 at 2–3. The notice of removal alleged that the amount in

1

controversy requirement was established by the allegations in the complaint that Ms. Stonebraker had suffered injuries, medical expenses, pain and suffering, lost wages, and loss of enjoyment of life. *Id.* at 2. Home Depot also relied on the fact that Ms. Stonebraker's counsel could not stipulate that her damages were less than the statutory minimum amount in controversy. Dkt. 1 at 2.

Pursuant to Local Rule 81-1, the Court ordered Ms. Stonebraker to either respond to Home Depot's notice of removal or file a motion for remand. Dkt. 23. Ms. Stonebraker's response admitted complete diversity but stated that she lacked sufficient information upon which to form a belief as to the amount in controversy. Dkt. 26 at 1.

The parties later filed a joint motion to remand alleging that the amount in controversy requirement is not satisfied. Dkt. 34; dkt 35. The motion is supported by a joint stipulation that the amount in controversy does not exceed $75,000, exclusive of interest and costs. Dkt. 34-1.

## II.
## Legal Standard

A party can move to remand a case to state court on the basis that there is no federal subject-matter jurisdiction. 28 U.S.C. § 1447. Remand turns on whether removal was proper in the first place. *See id.* A defendant may remove to federal court any civil action that could have originally been filed in federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over civil actions that are between citizens of different states and with an

amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

When a federal court's exercise of jurisdiction is challenged, the burden is on the removing party to show that removal was proper. *See P.P. Farmers' Elevator Co. v. Farmers Mutual Insurance Co.*, 395 F.2d 546, 548 (7th Cir. 1968). And removal statutes are strictly construed with any doubts regarding jurisdiction resolved in favor of remand. *See People of State of Ill. v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982) (citations omitted). Here, Home Depot has not attempted to show that removal was proper and has stipulated that the amount in controversy is less than what is required under Section 1332. Accordingly, this case must be remanded.

### III.
### Conclusion

The parties' Joint Motion to Remand is **GRANTED**. Dkt. [34.] This case is **REMANDED** to the Montgomery Circuit Court, Cause No. 54D02-1909-PL-001073.

**SO ORDERED.**

Date: 6/10/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

John S. Capper, IV
CAPPER TULLEY & REIMONDO
heather@capperlaw.com

Eric C. Papier
MCVEY & PARSKY, LLC
ecp@mcveyparsky-law.com

Ryan W. Tanselle
CASPER, TULLEY & REIMONDO
rtanselle@capperlaw.com

3